UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE:

ACCESS 4 ALL INCORPORATED
and CARLOS CUESTA,

      Plaintiffs,

v.

AAKC CHERRY CREEK PROPERTY
OWNER, LP D/B/A DOUBLETREE BY
HILTON DENVER CHERRY CREEK,

      Defendant.

_____/

## **COMPLAINT**

Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sue AAKC CHERRY CREEK PROPERTY OWNER, LP D/B/A DOUBLETREE BY HILTON DENVER CHERRY CREEK, (hereinafter "Defendant"), and as grounds alleges:

## JURISDICTION, PARTIES, AND VENUE

1.     This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.     Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, residing

in Miami-Dade County, Florida, and is otherwise *sui juris.*

5.      Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6.      At all times material, Defendant, AAKC CHERRY CREEK PROPERTY OWNER, LP, was and is a Foreign Limited Partnership, incorporated in the State of Delaware, with its principal place of business in Denver, Colorado.

7.      At all times material, Defendant, AAKC CHERRY CREEK PROPERTY OWNER, LP, owned and operated a hotel at 455 S Colorado Blvd, Denver, Colorado 80246 (hereinafter the "Commercial Property"). Defendant, AAKC CHERRY CREEK PROPERTY OWNER, LP, holds itself out the public as "DoubleTree by Hilton Denver Cherry Creek".

8.      Venue is properly located in the District of Colorado because Defendant's Commercial Property is located in Denver, Colorado, Defendant regularly conducts business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Denver, Colorado.

FACTUAL ALLEGATIONS

8.      Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

9.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the business therein.

2

10.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11.     Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching using the left side of his body. Plaintiff, CARLOS CUESTA, is also a member of the ACCESS 4 ALL INCORPORATED organization, discussed in more detail below.

12.     Defendant, AAKC CHERRY CREEK PROPERTY OWNER, LP, owns, operates and/or oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and/or oversees said Commercial Property located in Denver Colorado, that is the subject of this Action.

13.     The subject Commercial Property is open to the public and is located in Denver, Colorado.  The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property from approximately March 3, 2022 to March 4, 2022, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial property and the businesses located therein.  He plans to return to and often visits the Commercial Property and the other businesses located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, when he returns to Denver for more ACCESS 4 ALL INCORPORATED business and meetings and especially if the property/business become accessible.

14.     Plaintiff visited the Commercial Property as a patron/customer, visits the

Commercial Property and business within the Commercial Property as a patron/customer. He attended a quarterly meeting for member of the ACCESS 4 ALL INCORPORATED organization, as a member. He intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property.  Plaintiff spends much of his time in and near Denver, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendant's Commercial Property and the hotel business located within the Commercial Property for the intended purposes, and intends to return to the property within three (3) months' time of the filing of the Complaint as he regularly conducts business in Colorado involving ACCESS 4 ALL INCORPORATED.

15.     The Plaintiff found the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

16.     ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. CARLOS CUESTA, has also been discriminated against because of its association with its disabled members and their claims.

17.     The Plaintiff, CARLOS CUESTA, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.  The barriers to access at Defendant's Commercial Property and business within the Commercial Property has denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS CUESTA, and others similarly situated.

18.     Plaintiff, CARLOS CUESTA, has also been discriminated against because of the Title III ADA violations on the Defendant's place of public accommodation.

19.     Defendant, AAKC CHERRY CREEK PROPERTY OWNER, LP, owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and/or operates is the Commercial Property business located at 455 S Colorado Blvd, Denver, Colorado 80246.

20.     Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the hotel business therein, but not necessarily limited to the allegations in paragraph 25 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and business therein, but to assure himself that the property and business

therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and businesses therein without fear of discrimination.

21.     Defendant, AAKC CHERRY CREEK PROPERTY OWNER, LP, as owner of the business within the Commercial Property, is responsible for all ADA violations listed in paragraph 24 of this Complaint.

22.     Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## ADA VIOLATIONS

23.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.     Defendant, AAKC CHERRY CREEK PROPERTY OWNER, LP, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

25.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and hotel within the Commercial Property, include, but are not limited to, the following:

A.  Parking and Exterior Accessible Route

6

i.   Accessible spaces lack compliant aisles, they are No Aisle (< 60" wide) impeding Carlos Cuesta from unloading and violating the ADAAG and ADAS Section 502.

ii.   Accessible spaces lack compliant aisles, they are No Aisle (< 60" wide) impeding Carlos Cuesta from unloading and violating the ADAAG and ADAS Section 502.

iii.   DoubleTree Denver Cherry Creek has 0 van spaces where are required preventing Carlos Cuesta and other disabled patrons safe unloading from vans violating ADAAG Section 4.1.2 (5)(b) and Section 502 of the 2010 ADAS.

iv.   Carlos Cuesta was unable to find signs posted at insufficient heights of 30" (< 60" AFF) violating ADAAG Section 4.6 and ADAS Section 502.

B.   Entrance Access and Path of Travel

i.   Accessible routes at DoubleTree Denver Cherry Creek have changes in level of (>3/4") creating hazardous conditions for Carlos Cuesta violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

ii.   Ramps at DoubleTree Denver Cherry Creek lack compliant landings at top and bottom of each run (30" rise max) endangering Carlos Cuesta and violating the ADAAG and ADAS Section 405.

C.   Access to Goods and Services

i.   Table-top and writing surface heights are (28" min / 34" max), preventing use by Carlos Cuesta, violating 2010 ADAS.

ii.   Table knee and toe space is, high (27" min) and < 17" deep (17" min), preventing use by Carlos Cuesta.

iii.   Table knee and toe space is, high (27" min) and < 17" deep (17" min), preventing use by Carlos Cuesta.

D.  Restrooms

i.    Sinks mounted 35" (34" max) to rims, denying access to Carlos Cuesta, violating ADAAG Sec. 4.24 and 2010 ADAS Sec. 606.

ii.   Sink knee clearance (27" min @ 8" deep) prevents Carlos Cuesta from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

iii.  Sink knee clearance (27" min @ 8" deep) prevents Carlos Cuesta from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306.

iv.   Carlos Cuesta unable to use Mirror due to bottom-reflecting surface 44" (40" AFF max), violating the ADAAG and 2010 ADAS.

v.    Carlos Cuesta is unable to reach Dispenser controls 50" (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

vi.   Stall door is not self-closing and/or lacks proper hardware, preventing use by Carlos Cuesta, violating 2010 ADAS Sec. 604.

vii.  Grab bars Gripping surface > 36" AFF do not comply with the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Carlos Cuesta.

viii. Mounted items 6" above grab bar (12" min), prevent use by Carlos Cuesta, violating the ADAAG and 2010 ADAS.

ix.   There are multiple urinals inaccessible at DoubleTree Denver Cherry Creek, per ADAAG Sec. 4.18 and the 2010 ADAS.

E.  Accessible Guestrooms and Suites

i.    Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48" AFF 58" AFF, violating the ADAAG and 2010 ADAS Sections 308 and 309.

ii.   Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF Grab bar obstructed, preventing safe use to Carlos Cuesta.

iii.   Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF Grab bar obstructed, preventing safe use to Carlos Cuesta.

iv.   Accessible guest bathroom toilet seat is > 20" AFF (17"-19"), preventing use by Carlos Cuesta, violating the ADAAG and 2010 ADAS Section 604.

v.   Accessible guest bathroom lavatory lacks knee and toe clearance to allow Carlos Cuesta to pull under and use, violating the ADAAG and 2010 ADAS Section 606.

vi.   Faucet controls and shower wand are not positioned on the wall along the side of the shower seat to be are operable from the folding shower seat or from the shower wheelchair.

vii.   Roll-in shower is obstructed by door and curb or lip that impedes Carlos Cuesta's wheelchair transfer onto the seat, violating the ADAAG and 2010 ADAS Sections 608 and 609.

viii.   Mirror bottom-reflecting surface at DoubleTree Denver Cherry Creek is 43" > 40" AFF max, violating the 2010 ADAS Section.

ix.   Toilet dispenser mounted at DoubleTree Denver Cherry Creek is < 7"" in front of seat, preventing use by Carlos Cuesta, violating Section of the 2010 ADAS.

### RELIEF SOUGHT AND THE BASIS

26.   The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations.  Plaintiff requests an inspection of the Defendant's place of

public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

27.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan.

28.      Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to

discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

29.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant have 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

32.     Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its

business, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and hotel business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, respectfully request that the Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 20, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiffs*
1600 Broadway, Suite 1600
Denver, Colorado  80202
Telephone:  (303) 386-7208
Facsimile:   (305) 553-3031
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: dperaza@lawgmp.com

bvirues@lawgmp.com.

By: _____*/s/ Anthony J. Perez*_____
ANTHONY J. PEREZ
BEVERLY VIRUES